FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUL 26 2019 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
STUDY LOGIC, LLC

                Plaintiff,

- against -

FARMER BROS. CO.

                Defendant.
---------------------------------------------------------------- x

**MEMORANDUM & ORDER**

18-CV-1645 (RJD) (LB)

DEARIE, District Judge:

Plaintiff Study Logic LLC ("Plaintiff" or "Study Logic") filed a complaint in the Supreme Court of the State of New York, County of Nassau against Defendant Farmer Bros. Co. ("Defendant" or "Farmer Bros.") alleging four causes of action stemming from Defendant's employee Michael Chesney's acquisition, use and dissemination of a Study Logic Excel sheet containing proprietary market research. Defendant removed the case to the Eastern District of New York based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a), expressly reserving all defenses available under Federal Rules of Civil Procedure 12(b).[1] Defendant now moves to dismiss Plaintiff's claim for lack of personal jurisdiction and improper venue or in the alternative, to transfer venue to the Northern District of Texas. For the following reasons, the Court grants Defendant's motion to dismiss for lack of personal jurisdiction and improper venue and exercises its discretion to transfer the case to the United States District Court in the Northern District of Texas.

---

[1] For purposes of removal, this Court has original jurisdiction, as there is complete diversity between Plaintiff and Defendant and the amount in controversy exceeds $75,000.

## BACKGROUND

Study Logic is a market research and business intelligence firm with its principal place of business in Cedarhurst, New York, that specializes in the food and beverage industries. Study Logic collects and tracks consumer data, which it integrates into an online database. As its primary service, the corporation then sells the reports or licenses access to information within the database. Farmer Bros., incorporated in Delaware with its principal place of business in Northlake, Texas, produces and distributes hot beverages. Farmer Bros. hired Chesney after his departure from 7-Eleven. Allegedly, while working at 7-Eleven, Chesney unlawfully received an Excel spreadsheet containing Study Logic's proprietary data from Mother Parkers Tea & Coffee Inc., one of Study Logic's clients. Chesney shared this spreadsheet with Farmer Bros., and Study Logic claims Chesney's actions deprived it of $274,000 in revenue.

## DISCUSSION

I. <u>Defendant Farmer Bros. Co.'s Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue</u>

   **a. Personal Jurisdiction**

When analyzing a motion to dismiss for lack of personal jurisdiction, all allegations must be viewed in the light most favorable to the non-moving party. <u>LaFaro v. New York Cardiothoracic Group, PLLC</u>, 570 F.3d 471, 475 (2d Cir. 2009) (quoting <u>Miller v. Wolpoff & Abramson, L.L.P.</u>, 321 F.3d 292, 300 (2d Cir. 2003). Further, the plaintiff bears the burden of establishing personal jurisdiction. <u>Robinson v. Overseas Military Sales Corp.</u>, 21 F.3d 502, 507 (2d Cir. 1994). A plaintiff may do so by making a prima facie showing, through plaintiff's own affidavits and materials that, if valid, suffice to establish jurisdiction over the defendant. <u>Southern New England Telephone Co. v. Global NAPs Inc.</u>, 624 F.3d 123, 138 (2d Cir. 2010)

(internal citation omitted). Additionally, state law will guide federal courts in determining jurisdictional questions. Daimler AG v. Bauman, 571 U.S. 117, 125 (2014) (citing Fed. R. Civ. P. 4(k)(1)(A). To exercise personal jurisdiction over a defendant, the court must establish either general or specific jurisdiction. Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011). ("Opinions in the wake of the pathmarking International Shoe decision have differentiated between general or all-purpose jurisdiction, and specific or case-linked jurisdiction.").

> *i. As Farmer Bros. Is Not "at Home" in New York, This Court Does Not Have General Jurisdiction*

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so "continuous and systematic" as to render them essentially at home in the forum State. Goodyear, 564 U.S. at 919. "The paradigm forums in which a corporate defendant is at home...are the corporation's place of incorporation and its principal place of business." BNSF Ry. Co. v. Tyrrell, 137 S. Ct. 1549, 1558 (2017) (internal citations omitted). In all but exceptional instances of substantial operations, the court will only consider a defendant corporation "at home" in those two forums. Id. Registering to do business or transacting business within a forum, regardless of the magnitude, does not automatically create general jurisdiction. Id. at 1559. ("The general jurisdiction inquiry does not focus solely on the magnitude of the defendant's in-state contacts. [It] calls for an appraisal of a corporation's activities in their entirety; [a] corporation that operates in many places can scarcely be deemed at home in all of them.") Id. (quoting Daimler, 571 U.S. at n.20).

Defendant argues that recent Supreme Court cases shifted the general jurisdiction analysis away from consent-based jurisdiction. However, Plaintiff argues that the cases Defendant relies on are distinguishable. Both Daimler and Goodyear focus on injuries that took place in foreign nations, between foreign parties with local subsidiaries. Further, Plaintiff argues that Section 304 of New York's Business Corporation Law ("BCL") creates consent-based general jurisdiction over any defendant registered to do business in the state. Despite clear precedent to the contrary, Plaintiff urges that this method of establishing jurisdiction survived Daimler. Aybar v. Aybar, 2016 N.Y. 2016 WL 3389339 (Sup. Ct. Queens County 2016). However, this assertion is incorrect based on clear, controlling precedent.

While consent-based jurisdiction sufficed in New York in years past, Daimler and Goodyear shifted the manner in which courts analyze general jurisdiction. Brown v. Lockheed Martin Corp., 814 F.3d 619, 629 (2d Cir. 2016). After Daimler, exercising general personal jurisdiction based on registration under New York's BCL would be inappropriate, as it would run counter to principles of due process. Minholz v. Lockheed Martin Corp., 227 F. Supp 3d 249, 264 (N.D.N.Y. 2016). The Supreme Court's fundamental shift in the general jurisdiction analysis over foreign corporations "from the 'minimum contacts' review described in International Shoe to the more demanding 'essentially at home' test enunciated in Goodyear and Daimler—suggests that federal due process rights likely constrain an interpretation that transforms a run-of-the-mill registration and appointment statute into a corporate 'consent' ... to the exercise of general jurisdiction by state courts...." Brown, 814 F.3d at 637.

Today, unless exceptional contacts with a forum render a corporation "at home," only the place of incorporation and a corporation's principal place of business meet the stringent standards to establish general jurisdiction. BNSF Ry. Co., 137 S. Ct. at 1552 (citing Daimler,

571 U.S. at n.19). Farmer Bros. is incorporated in Delaware and maintains its primary place of business in Texas. While Farmer Bros. is registered to do business in New York, only 1 branch of 111 is located in New York. This Syracuse branch employs two individuals and generates less than two percent of Farmer Bros. total revenue. Further, though Farmer Bros. did generate $11 million in revenue in New York in fiscal year 2017, this is only a small portion of its total earnings. Mere presence does not constitute "exceptional" contact with a forum to create general jurisdiction in a state other than the two paradigm forums. See e.g. BNSF Ry. Co., 137 S. Ct. at 1559 (finding two thousand employees and two thousand miles of railroad track within Montana did not create general jurisdiction); Brown, 814 F.3d at 630 (determining $160 million in revenue and leasing buildings in Connecticut did not rise to exceptional contacts that would establish general jurisdiction).

Accounting for recent landmark Supreme Court cases that altered general jurisdiction analysis, and following the vast majority of Circuit and District Courts' application of the precedent, the Court readily agrees that Defendant is not "at home" in New York and therefore this Court cannot exercise general jurisdiction over Farmer Bros.

> ii. *The New York Long Arm Statute Does Not Create Specific Jurisdiction over Defendant*

Specific jurisdiction establishes personal jurisdiction over a defendant in accordance with the forum state's long arm statute and the standards of due process under the United States Constitution. Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 208 (2d Cir. 2001). Pursuant to CPLR § 302(a)(3), New York may exercise personal jurisdiction over a non-domiciliary who:

> commits a tortious act without the state causing injury to person or property within the state…if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably

expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

CPLR § 302(a)(3). In order to show an injury in New York sufficient to establish specific jurisdiction under CPLR § 302(a)(3)(i) or (ii), courts use the "injury-situs test". Whitaker, 261 F.3d at 209 (internal citation omitted). "The situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are felt by the plaintiff." Id. (quoting Mareno v. Rowe, 910 F.2d 1043, 1046 (2d Cir. 1990)).

Defendant asserts that Texas, and not New York, has jurisdiction over this matter. Chesney allegedly acquired the data while employed by 7-Eleven in Texas. Likewise, Chesney allegedly used and disseminated the material while employed by Farmer Bros. in Texas. Therefore, although Plaintiff felt the financial injury in New York, the original event that caused the injury occurred in Texas.

However, Plaintiff contends that different rules apply when the claim involves digital matter. Online copyright infringement cases bear little resemblance to the standard commercial tort claims in which the injury-situs test applies. Penguin Grp. (USA) Inc. v. Am. Buddha, 609 F.3d 30, 38 (2d Cir. 2010). In such internet copyright infringement cases, the situs of the injury proves more challenging to identify. Id. at 39. Therefore, the fact that the event leading to an injury occurred out of state is not dispositive when determining specific jurisdiction in instances of online copyright infringement. Plaintiff urges the Court to follow digital piracy cases in disregarding the injury-situs test.

However, the Penguin cases are distinguishable from the case at hand. In Penguin, an Oregon company illegally uploaded four copyrighted works to the internet. Penguin Grp. (USA) Inc. v. Am. Buddha, 946 N.E.2d 159, 160 (2011). Consequently, the material became available "for anyone, in New York or elsewhere, with an Internet connection to read and download . . .

free of charge." Id. at 164. Due to the wide dissemination of the copyrighted work, the court could not identify a single situs of injury. Id. at 164. Nonetheless, the court determined that exercising specific jurisdiction was appropriate based on the possibility that infringing uploads occurred anywhere, including New York. Id. at 165.

Here, the proprietary data was never uploaded to the internet. Only Chesney's employers allegedly had access to the spreadsheet, and therefore the locus of the event causing the injury is determinable. Moreover, this is not a copyright infringement cause of action. The court in Penguin expressly limited its holding to instances of online copyright infringement. Id. at 161. Just because Study Logic stored the data on a computer does not make this case equivalent to a situation in which data was uploaded to the internet. As this case mirrors a traditional commercial tort, the Court must use the injury-situs test. Since Chesney allegedly committed all crimes that led to the injury in Texas, the locus of the injury is not New York, and therefore this Court does not have specific jurisdiction under the long arm statute.

### b. Improper Venue

Defendant moves to dismiss for improper venue. The plaintiff bears the burden to prove that venue is proper in the forum district. U.S. Envtl. Prot. Agency ex rel. MCKeown v. Port Auth. of N.Y. and N.J., 162 F. Supp. 2d 173, 183 (S.D.N.Y. 2001). The plaintiff may carry this burden by making a prima facie showing of appropriate venue. Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 355 (2d Cir. 2005) (internal citation omitted).

For diversity jurisdiction cases, venue is controlled by 28 U.S.C. § 1391. In relevant part, venue is appropriate in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)-(3). For purposes of venue, a corporation "resides" in any judicial district in which it is subject to personal jurisdiction. PDK Labs, Inc. v. Proactive Labs, Inc., 325 F. Supp. 2d 176, 182 (E.D.N.Y. 2004) (internal citation omitted).

As the court in New York cannot exercise personal jurisdiction over Defendant, Defendant does not reside in New York for purposes of venue. Further, the events giving rise to the claim occurred in Texas. Venue is thus improper under 28 U.S.C. § 1391(b)(2). Finally, venue is appropriate in Texas, effectively nullifying 28 U.S.C. § 1391(b)(3). As this Court lacks personal jurisdiction and venue does not lie, the motion to dismiss is granted.

II. Defendant's Motion to Transfer Venues

a. Legal Standard

Pursuant to 28 U.S.C. § 1404(a), a case may be transferred for the convenience of the parties and witnesses to any district in which the initial action could have been brought. The court enjoys "considerable discretion" in deciding whether justice and judicial economy dictate a transfer. Kreinberg v. Dow Chemical Co., 496 F. Supp 2d 329, 330 (S.D.N.Y. 2007) (internal citation omitted). Additionally, even a court that lacks personal jurisdiction maintains the authority to transfer a case to a more appropriate venue. Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962) ("The language of s 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not."); See also Corke v.

Sameiet M. S. Song of Norway, 572 F.2d 77, 79 (2d Cir. 1978) (finding authority to transfer venue even when lacking personal jurisdiction).

In determining when to transfer venue, the court must engage in a two-part analysis. As a threshold matter, the court determines if the case could have been brought in the proposed district. Herbert Ltd. P'ship v. Electronic Arts, Inc., 325 F. Supp. 2d 282, 285 (S.D.N.Y. 2004). Next, the court can consider multiple factors to determine the superior venue: (i) convenience of witnesses; (ii) convenience of parties; (iii) location of relevant documents and relative ease of access to sources of proof; (iv) locus of operative facts; (v) availability of process to compel the attendance of unwilling witnesses; (vi) relative means of the parties; (vii) comparative familiarity of each district with the governing laws; (viii) weight accorded to plaintiff's preference; and (ix) judicial economy and the interests of justice. Eres N.V. v. Citgo Asphalt Refining Co., 605 F. Supp. 2d 473, 478-79 (S.D.N.Y. 2009) (citing Herbert Ltd. P'ship, 325 F. Supp. 2d at 285).

### b. Transfer of Venue to the Northern District of Texas is Appropriate

Study Logic argues that courts should afford great deference to a plaintiff's choice of venue, particularly when the party brings suit in its home forum. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 242 (1981). Further, Study Logic urges that the relative means of Farmer Bros. outweighs Study Logic by more than half a billion dollars, and that this factor should weigh in their favor. Finally, Study Logic notes that in order to consider the convenience to witnesses or the court's ability to subpoena them, a party must identify the individuals in question. ESPN, Inc. v. Pro Arts, Inc., 579 F.2d 215, 218 (2d Cir. 1978); Am. Eagle Outfitters, Inc. v. Tala Bros. Corp., 457 F. Supp. 2d 474, 479 (S.D.N.Y. 2006).

On the other hand, many elements of the analysis favor venue in Texas. The only named individual, Chesney, along with other Farmer Bros. employees who could serve as potential

witnesses, reside in Texas. Evidence regarding dissemination of the proprietary data is located in Texas. The events leading to the cause of action took place there, and the court in Texas could compel unwilling witnesses from 7-Eleven by subpoena, as 7-Eleven is also headquartered in the state. As Study Logic brings a cause of action for violation of the Texas Uniform Trade Secrets Act, a federal court in Texas would have more familiarity with the local law.

It is in the interest of justice and judicial economy, and well within the authority of the court, to transfer this case to an appropriate forum. The initial claim could have been brought in the Northern District of Texas, as that court can exercise personal jurisdiction over Defendant and would be an appropriate venue for the claim.

## CONCLUSION

Since this Court lacks general and specific jurisdiction over Farmer Bros., Defendant's motion to dismiss for lack of personal jurisdiction and improper venue is granted. However, in looking at this case as a whole, the Northern District of Texas is better suited to adjudicate the matter. Accordingly, Defendant's motion to transfer venue to the Northern District of Texas is granted.

SO ORDERED.

Dated: Brooklyn, New York
July 26, 2019

                                           _s/Raymond J. Dearie, USDJ_

                                           RAYMOND J. DEARIE
                                           United States District Judge